## Fay *vs.* The Erie and Kalamazoo Railroad Bank.

1840.
Second Circuit.

Fay
*vs.*
Erie and
Kalamazoo
Bank.

Where an individual creditor had filed his bill against a moneyed corporation, obtained an injunction and the appointment of a receiver, and the receiver had taken upon himself the trust, and other creditors had filed their claims, *it was held*, that the creditor who had filed his bill, obtained the injunction, and the appointment of a receiver, was not entitled, as a matter of *right*, (upon being paid his demand,) to dissolve the injunction, dismiss his bill, and discharge the receiver.

There is no doubt that this court has the power, in such case, to dissolve the injunction, discharge the receiver, and permit the party to dismiss his bill, when it is satisfied that the interest of all concerned will be best subserved by permitting the corporation to manage its own concerns.

The primary object of proceeding in chancery against failing corporations, is not for the purpose of dissolving the corporation, but to protect the assets for the benefit of creditors. The power to decree a dissolution of the corporation, is merely incidental.

It is the duty of the court to look into the condition of the corporation, before it will discharge the receiver, and make such order, either absolute or conditional, as the case may require.

This was an application on the part of the complainant, to dissolve the injunction granted in this case, to dismiss the bill, and discharge the receiver. A sufficient statement of the facts in the case, will be found in the opinion of the Chancellor.

Goodwin and Morey, in support of the motion.

George Mills, contra.

The Chancellor. This application is founded upon an acknowledgment of payment by the creditor, and a motion on his part, to dissolve his own injunction, and discharge the receiver. No provision is made for the payment of the expenses incurred by the receiver, or to indemnify him against liabilities.

It is insisted that this application must be granted as a matter of right, and that the complainant and defendant having adjusted the debt claimed by the complainant, that no other persons have any interest in the matter, or any right to interpose any objections to the order asked.

If no rights, on the part of other creditors, have been ac-

quired under this proceeding, and the receiver has incurred no
liabilities to other creditors, this view is undoubtedly correct.
To ascertain this, it becomes necessary to resort to the statu-
tory enactments upon which these proceedings are based.

The act of June 21, 1837, (*Session laws of* 1837, *page* 307,)
which is the first act bearing upon the subject, provides, that
proceedings may be commenced by the Attorney General, or
by any creditor, and makes no distinction in the mode of pro-
ceeding, whether the suit shall have been instituted by either
the one or the other.

Section five of the same act, provides that the receiver, up-
on his appointment, shall be vested, *as trustee*, with all the es-
tate, real and personal, liabilities and securities, of such cor-
poration.

The act of April 15, 1839, (*Session laws, page* 94,) further
prescribes and defines the duties and liabilities of receivers.
(*See sections* 11 *and* 17.)

This renders it necessary to examine the statute prescribing
the powers, duties, and obligations of assignees. *Revised sta-
tutes, page* 606.

The first section provides, that all assignees are declared to
be *trustees* of the estate of the debtor, in relation to whose
property they shall be appointed, for *the benefit of his credi-
tors.*

After this reference to the various provisions of the statute,
the question recurs, may an individual- creditor, after having
commenced proceedings under the statutes before referred to,
and pursued his remedy until a receiver has been appointed,
and taken upon himself the trust, and until other creditors
have filed their claims, and still, at this late stage of the pro-
ceedings, upon being paid his particular demand, as a matter
of right, dissolve the injunction, dismiss his bill, and discharge
the receiver, without any right or duty, on the part of the
court, to protect the rights of the other creditors, who may
have filed their claims with him, or to protect and save harm-
less the receiver, who has acted under its authority? I think
not.

Second Circuit.

Fay
*vs.*
Erie and
Kalamazoo
Bank.

The statutes bearing upon the question, it is true, are not very explicit or satisfactory. But, from the examinations I have been enabled to give them, I cannot resist the conclusion, that, from a fair construction of their provisions, their object and intent is not solely to afford a remedy to the individual creditor to collect his demand, but that they contemplate also the security of such other creditors as may file their demands with the receiver, and thus, so far, become parties to the proceedings.

This view necessarily involves another question : Is it imperative upon the court, after the appointment of a receiver, to hold jurisdiction of the case, and require the receiver to pursue his duties, until the concern is wound up and dissolved, although the party complainant in the suit, is satisfied, and declines further to prosecute, and when the proper prosecuting officer on the part of the state, is satisfied that the application of this severe remedy is unnecessary ; and if, further, the court is satisfied that the interests of all concerned will be best subserved by permitting the corporation to manage its concerns, and that it may be safely done? The court entertains no doubt that it is vested with this power. The primary object of proceedings in chancery, against a failing corporation, is not a dissolution of its charter, for a violation, but to protect the assets for the benefit of the creditors. This power is merely incidental. This court having jurisdiction of the cause for other purposes, the legislature has also conferred the power to decree a dissolution of the charter.

But this is the proper duty of a court of law; and for this purpose, proceedings may be instituted at any time in the common law courts, for any violation of the provisions of its charter, by a corporation.

The conclusion, then, to which I arrive in this case, is, that it is the duty of the court to look into the condition and circumstances of this corporation, and to make such order, either absolute or conditional, as the case may require, upon such showing made by the parties who press this motion.